**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff,**

**v.**

**G & W PACKING COMPANY and T. L. Weeks, Defendants.**

**No. CA/4062.**

United States District Court
W. D. South Carolina,
Rock Hill Division.

Nov. 28, 1962.

Beverley R. Worrell, Regional Atty., U. S. Dept. of Labor, Edwin G. Salyers, Atty., Dept. of Labor, Birmingham, Ala., for plaintiff.

O. G. Calhoun, Jr., Haynsworth, Perry, Bryant, Marion & Johnstone, Greenville, S. C., John A. Marion, York, S. C., for defendants.

WYCHE, District Judge.

This action was brought by the Secretary of Labor under the provisions of Section 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C.A. § 201 et seq.), and seeks an injunction to restrain the defendants from violations of the Act.

In compliance with Rule 52(a), Rules of Civil Procedure, 28 U.S.C.A., I find the facts specially and state my conclusions of law thereon in the above cause, as follows:

## FINDINGS OF FACT

The defendant T. L. Weeks is the President and chief stockholder of the defendant corporation G & W Packing Company, a small meat packing house having its place of business in Hickory Grove, York County, South Carolina. The defendants' business operation is divided into two separate and distinct phases, the slaughter room and the meat cutting, boning and packing room operations.

During the period in question there were two employees engaged in the slaughter room operations. These employees slaughter hogs, from which there is no waste, and place the carcasses in the cooler from which they are subsequently removed by employees of the cutting room operation. Similarly, the employees of the slaughter room kill cattle, and after removing the hides and inedible portions, the latter referred to as "offals", the carcasses are placed in the cooling room. The cow hides are laid aside and salted by the slaughter room employees, and are subsequently picked up and purchased by agents and servants of Nat Barron of Columbia, South Carolina. The defendants had no knowledge, nor was there reason that the defendants should have had such knowledge, that Nat Barron, after processing and storing the hides, subsequently shipped them outside the State of South Carolina.

The slaughter room employees place the offals in barrels located in a shed some distance from the slaughter room, and are free to anyone who will pick them up. Some of the barrels containing offals are picked up by employees of Carolina Southern Processing Company of Gastonia, North Carolina, which, based upon estimated weights, pays one cent per pound therefor.

The two slaughter room employees clean and care for the slaughter room, and are the only employees of the defendants who are ever in contact with any product or waste of the defendants operation that may come into or leave the State of South Carolina. The defendants purchase all live-stock locally in South Carolina. Some packaged meat products are purchased by the defendants from Hormel Company of Charlotte, North Carolina, but such purchases are made from Hormel's trucks at the defendants' premises and the products are unloaded from the trucks and placed in the defendants' storeroom by Hormel employees.

Employees in the meat cutting room remove the usual cuts from the carcasses, which are packaged and placed in the storeroom and all edible meat products are sold within the State of South Carolina. The only waste materials from the meat cutting room operation are bones which, during the period in question, were given to any person who would come and get them, free of charge.

The defendants have not complied with the provisions of the Fair Labor Standards Act upon which this action is based due to the belief that the defendants operation is not subject to the Act. In fact, the defendant T. L. Weeks invited this action in order that a determination could be made, and he has given convincing assurance that he and the defendant corporation would give full and complete compliance with the provisions of the Act if, and to the extent that I should find the Act applicable, without the necessity of an injunction.

## CONCLUSIONS OF LAW AND OPINION

This Court has jurisdiction of the parties and of the subject matter of this action.

The burden is upon the plaintiff as the one asserting coverage, to prove the defendants or their employees are engaged in commerce or in the production of goods for commerce. Schulte Co. v. Gangi, 328 U.S. 108, 120, 66 S.Ct. 925, 90 L.Ed. 1114. The burden is not sustained by showing some small, incidental interstate activity of a fundamentally intrastate business. To the contrary, the

plaintiff must establish that the defendants' employees spend a substantial portion of their time engaging in interstate commerce or regularly engage in the production of goods for interstate commerce. Walling v. Jacksonville Paper Co., 317 U.S. 564, 572, 63 S.Ct. 332, 87 L.Ed. 460.

■■ Applying the applicable law to the facts in this case, I conclude that the defendant business is local in nature, and it has no employees spending a substantial portion of their time engaging in interstate commerce or in the production of goods for interstate commerce. Its sales of meat products are wholly within the State of South Carolina, and although the purchaser of hides, unbeknown to the defendants, and of the offals not given away, are engaged in interstate commerce, the defendants and their employees are not so engaged. Where some inconsequential incident of interstate commerce happens to result from the general conduct of a fundamentally intrastate business, or where an interstate sale is a casual or occasional one, the rule of *de minimis non* is applicable and the Act does not apply. Even the employees in the defendants' slaughter room operation did not participate in the work of curing the hides, or in the subsequent sale or delivery of hides or offals to the purchasers. Their only connection therewith was incidental to the slaughtering and dressing of the animals, in which it was necessary to remove the hides and offals. They were, therefore, not engaged in commerce or in the production of goods for commerce. Even if defendants' sale of hides and offals were deemed in interstate commerce, such small incidental interstate activity, aptly termed by the defendants as "more of a garbage service than anything else" was not substantial and did not bring the defendants under the Act.

■■ I further conclude that even if the defendants' operation or any of its employees were covered, an injunction should not be issued under the facts and circumstances of this case. The granting of an injunction lies in the sound discretion of the Trial Judge, (Walling v.

Youngerman-Reynolds Hardwood Co., 325 U.S. 419, 65 S.Ct. 1242, 89 L.Ed. 1705) and the burden of proving need for an injunction against violation of the Fair Labor Standards Act is upon the movant (United States v. W. T. Grant Co., 345 U.S. 629, 73 S.Ct. 894, 97 L.Ed. 1303). An injunction should not issue merely to punish past violations of the Act and certainly not to punish one who evidences such good faith as to invite that a determination be made as to whether or not his business is subject to the Act. Having found as a fact that the defendants would, if found to be subject to the Act, fully and voluntarily comply therewith, would be denied equal justice under the law by the burden of operating under the oppressive mantle of an injunction, of which the plaintiff has not sustained the burden of proving a need.

I, therefore, conclude that the complaint should be dismissed.

### ORDER FOR JUDGMENT

It is, therefore, ORDERED, That the complaint in the above entitled action be and the same is hereby dismissed, and that judgment be entered accordingly.