**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**Ray N. GRIFFIN and Roger A. Mateer, Defendants.**

Civ. A. No. 4368.

United States District Court
S. D. Mississippi,
Jackson Division.

Dec. 20, 1968.

884

J. Carlton Ivey, S. E. C., Atlanta, Ga., for plaintiff.

Thomas R. Crews, Thompson, Alexander & Crews, Jackson, Miss., for defendants.

## OPINION OF THE COURT

NIXON, District Judge.

Plaintiff herein, based upon complaints received and verified by it, pursuant to Section 20(b) of the Securities Act of 1933, as amended [15 U.S.C. Secs. 77e(a) and 77e(c)], filed its Complaint herein on September 30, 1968, seeking a preliminary and permanent injunction against the defendants herein, Ray N. Griffin and Roger A. Mateer, alleging that they were engaged in and about to engage in acts and practices in violation of Sections 5(a) and 5(c) of the Securities Act of 1933, commonly known as the registration provisions of that Act [15 U.S.C. Secs. 77e(a) and 77e(c)].

Plaintiff filed a Motion for Preliminary Injunction against both defendants herein, to which there are attached certain affidavits and exhibits, which, together with the testimony of plaintiff's attorney, J. Carlton Ivey, were received by the Court during a hearing on November 19, 1968. This hearing involved only the Motion for Preliminary Injunction against the defendant, Ray N. Griffin, and this Opinion and Judgment of the

Court herein will relate only to the defendant, Griffin, because the defendant, Roger A. Mateer, has previously agreed to the entry of a Final Consent Judgment enjoining him from violating Sections 5(a) and 5(c) of the Securities Act of 1933, as amended [15 U.S.C. Secs. 77e(a) and 77e(c)]. This Final Consent Judgment has been previously entered in this cause.

The Court finds that during the latter part of 1967 and continuing to April, 1968, Defendants Ray N. Griffin and his associate, Roger A. Mateer, both of Jackson, Mississippi, initiated and promoted a five-well drilling program in Sabine Parish, Louisiana, in the so-called Pendleton-Many Oil Field. Neither the Complaint herein nor the Motion for Preliminary Injunction alleges, nor does plaintiff seek to prove, nor has it proved, any type of illegal activity by the defendant, Griffin, past or present, other than that relating to mineral rights in the above land.

In his affidavit filed in response to plaintiff's Motion for a Preliminary Injunction, the defendant, Griffin, admits that he participated in the development and drilling of four exploratory oil wells in Sabine Parish, the first of which was completed as a producer and the other three of which were non-productive. Prior to the drilling of these wells, Griffin sold approximately 40% of said fractional undivided interest in these wells and in the leases covering the lands on which the wells were to be drilled and Mateer sold approximately 47% of such interest. Investments in this drilling program were made by persons residing in eight states, namely, Arkansas, California, Georgia, Mississippi, Missouri, New York, New Jersey and Oregon. Griffin and Mateer made use of the mails and the means and instruments of transportation and communication in interstate commerce in offering, selling and delivering the aforesaid securities, and such was done at a time when no registration statement had been filed with the Securities and Exchange Commission, as required by law.[1] No exemption from registration was claimed by either Griffin or Mateer in the above offer, sale and delivery of said securities, and as a matter of fact, Griffin does not contend that he was entitled to any exemption in connection therewith.

Griffin discontinued the offering and/or sale of any and all types of mineral interests in lands in Sabine Parish no later than sometime in April, 1968. Such discontinuance did not result from, nor was it prompted by, the filing or threatened filing of this action, because Griffin had no knowledge of the filing or threatened filing of this action until he was served with process herein by a Deputy United States Marshal subsequent to April, 1968, despite the fact that, on March 20, 1968, Dennis L. Berry, an attorney-at-law of Corning, Arkansas, complained to the St. Louis Branch Office of SEC that Mateer had sold to him and several others in Corning, Arkansas and also to another person of Kennett, Missouri, certain of said fractional undivided interests. This complaint was relayed to the Atlanta Regional Office of the Commission and an investigation was commenced.

Defendant Griffin has not acquired any interests in lands in Sabine Parish, Louisiana, nor has he offered for sale or sold any such interests subsequent to April of 1968. In his affidavit filed in support of his Response to the Motion for Preliminary Injunction, Griffin assures the Court that he does not at this time own any interest in lands or mineral interests in Sabine Parish, except an undivided 5.15% of the salvage value of the equipment previously installed in the producing well, and further, that he does not propose ever again to offer for sale any interest in lands in Sabine Parish. He also assured the Court in

---

1. Secs. 5(a) and 5(c) of the Securities Act of 1933, as amended [15 U.S.C. Secs. 77e(a) and 77e(e)].

his affidavit that he will never again violate the Securities Act in any respect.

The defendant, Griffin, has been in the oil and gas exploration for the past twelve years and apparently enjoys a good reputation for honesty and integrity. He has transacted business with many major oil companies, as well as independent oil operators, and his reputation for honesty and integrity is very good.

Prior to the filing of this action, plaintiff admits that it did not contact Griffin in any manner, made no attempt to warn him that his activities may be contrary to law, although this is normally and customarily done prior to the filing of any such action as this. The attorney of record for the plaintiff testified that this was a matter of policy and the Commission was not required to so notify or warn and that they did not do so in this case because Mateer had previously been warned in connection with a totally unrelated transaction with which Griffin was not involved and apparently had no knowledge.

Plaintiff does not allege nor has it proved any other violations by Griffin or any type of recurring, habitual or continuing violations on his part. The Court finds that Griffin's above mentioned activity without first complying with the Securities Act requirement of filing a registration statement with the SEC as to such securities was a violation of the Securities Act, but the Court further finds that said violation was his first and only offense.

The Court finds that Defendant Griffin's assurance that he will not in the future violate any of the requirements of the Securities Act of 1933 was made in good faith and is a bona fide commitment or promise by Griffin.

. The plaintiff, through its attorney, candidly admits that it does not allege, contend, nor have any proof that the defendant, Griffin, was guilty of any fraud, misrepresentation or over-reaching in his offer to sell, or in the sale and delivery of the securities in question.

In summary, the Court finds that, although Defendant Ray N. Griffin did violate the registration requirement of the Securities Act of 1933, as amended [15 U.S.C. Secs. 77e(a) and 77e(c)] by offering for sale, selling and delivering fractional undivided interests in oil, gas and other mineral rights and leases covering land in Sabine Parish, Louisiana during late 1967 and early 1968, he had discontinued this activity prior to being informed of any investigation of him in connection with said matter by the United States Securities and Exchange Commission and prior to filing this action, that he is not presently engaged in nor is he about to engage in, the offering or sale of any type of securities, including undivided fractional mineral interests in violation of the law, and was not so engaged at the time this action was filed. The Court is of the further opinion that Griffin was not guilty of any fraud, misrepresentation, or over-reaching in connection with the above activities, and there is no reasonable likelihood that he intends to or will violate the Securities laws or regulations in the future.

It is a well settled principle that the grant or denial of a preliminary injunction is addressed to the sound judicial discretion of the Court. United States v. Corrick, 298 U.S. 435, 56 S.Ct. 829, 80 L.Ed. 1263 (1936); 7 Moore's Federal Practice, Par. 65.04(2), p. 1630. But upon a proper showing being made that the law has been violated, an injunction may issue regardless of the mala-fides or bona-fides of a defendant's cessation of illegal conduct, if the likelihood of the resumption of such conduct is found to exist. SEC v. Northeastern Financial Corp., 268 F.Supp. 412 (D.N.J. 1967). Likewise, the cessation of such violations, in the face of an anticipated investigation by the Securities and Exchange Commission gives rise to the inference that there is a reasonable likelihood of future violations unless an injunction is issued. SEC v. Keller Corp.,

323 F.2d 397, 402 (7th Cir. 1963). However, the Court here finds that such cessation by the defendant, Griffin, took place voluntarily without any knowledge of an investigation or anticipated investigation by the Commission.

 It is not necessary that the defendant be engaged or about to engage in a prohibited act or practice at the time suit is begun to entitle the Commission to an injunction. Otis & Company v. SEC, 106 F.2d 579 (6th Cir. 1939) but the applicant for a preliminary injunction has the burden of showing a necessity for the injunctive relief. Fram Corp. v. Boyd, 230 F.2d 931 (5th Cir. 1956); Wirtz v. G & W Packing Co., 210 F.Supp. 726 (W.D.S.C.1962); 7 Moore's Federal Practice, Par. 65.04(1), pp. 1629–30. It has been held that proof in this regard should be clear and that the extraordinary character of the injunctive remedy and the danger that its use in improper cases may result in serious loss or inconvenience to an innocent party require that the power to issue it should not be lightly indulged in, but should be exercised sparingly and cautiously after thoughtful deliberation and with a full conviction on the part of the court of its urgent necessity. If a reasonable doubt remains as to whether the injunction should be granted, a Court should deny its issuance. 28 Am.Jur., Injunctions, Sec. 25, pp. 515, 516.

In interpreting Section 20(b) of the Securities Act, the Courts have held that an injunction is authorized, but not required, where there is a reasonable likelihood or reasonable expectation that the defendant will violate the Act in the future. SEC v. Northeastern Financial Corporation, 268 F.Supp. 412 (D.N.J. 1967); SEC v. Culpepper, 270 F.2d 241 (2nd Cir. 1959). However, the United States Supreme Court has held in United States v. W. T. Grant Co., 345 U.S. 629, 73 S.Ct. 894, 97 L.Ed. 1303 (1953) (in which the United States asked for an injunction against an individual and six corporations to prevent violations of the Clayton Antitrust Act prohibiting interlocking corporate directorates, although said individual, a director of all six corporations, had resigned his directorship in three of them after suit was filed), that it was the duty of the movant to satisfy the Court that some cognizable danger of recurrent violation, which is more than a mere possibility, must be present in order to compel further relief through the granting of an injunction; further, that the violation had been voluntarily terminated and intention to resume the prohibited activity had been negatived under oath, thus the complaint alleged no threatened violations other than those specifically charged. The Court so finds in the instant case.

Ultimately, as in every case of this type, the Court must look to the extent of past activities on the part of the defendant and the likelihood or probability, as distinguished from possibility, of future violations on the part of the defendant. United States v. Edwards, 333 F.2d 575 (5th Cir. 1964); Wirtz v. G & W Packing Co., *supra;* Fram Corp. v Boyd, *supra*. In the instant case, the Court is of the opinion, based upon the evidence before it, that the plaintiff has failed to prove the probability or likelihood of future violation of the Securities Act as amended, by the defendant, Griffin. Therefore, the plaintiff is not entitled to the relief prayed for in its Complaint or to a preliminary injunction against the defendant, Ray N. Griffin. Accordingly, the Motion for Preliminary Injunction against the defendant, Griffin, is denied, and a Judgment overruling said requested preliminary injunction against the defendant, Griffin, only, may be presented to the Court.